**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:21-CV-00463-GCM / CRIMINAL NO. 3:93-CR-00215-GCM-4**

| | |
|---|---|
| **JERMAINE MAURICE PADGETT,** | |
| **Petitioner,** | |
| **v.** | **ORDER** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

      **THIS MATTER** comes before the Court on Petitioner Jermaine Maurice Padgett's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 4) and the government's Motion to Dismiss (CV Doc. 5).[1] Petitioner filed a response to the government's motion (CV Doc. 6). The government replied (CV Doc. 7). The matter is now ripe for disposition. For reasons discussed in more detail below, the Court will deny and dismiss Padgett's motion.

      **I.    BACKGROUND**

      Jermaine Maurice Padgett was 21 years old when he was indicted for conduct related to his involvement in the "Flowe organization," a violent drug-trafficking organization operated from a public housing project in Charlotte, North Carolina. *See* CR Doc. 134 ¶ 17. The organization, headed by David Flowe (and later his brother, Angelo), distributed crack cocaine, robbed and killed rival drug dealers, and kidnapped and extorted individuals between August 1989 and

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00463-GCM, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:93-cr-00215-GCM-4.

September 1993. *Id.* ¶¶ 17–18. Members of the organization carried and used firearms in the commission of their offenses. *Id.* ¶ 18.

Padgett was no exception. In January 1993, Padgett and others kidnapped a man at gunpoint who owed $100 in drug debts. *Id.* ¶ 27. They ordered him to strip naked before abandoning him in Clover, South Carolina. *Id.* The next month, in February 1993, Padgett and others threatened to use a gun in robbing a man of 28 grams of crack cocaine. *Id.* ¶ 28. On February 16, 1993, Padgett and two others shot and killed two individuals at a car wash during a drug-related robbery. *Id.* ¶ 29. Crime scene analysis indicated that Padgett was responsible for one of the murders. *Id.*

In June 1993, Padgett was among five individuals who broke into an apartment rumored to have a rival dealer's drugs and money. *Id.* ¶ 31. The rival dealer's girlfriend and her five children were in the apartment. *See id.* ¶ 32. As the presentence report recounts, the girlfriend was "told by one assailant to put her baby down because she was going to be killed. When she refused, he left her room, returning downstairs and statements were made to 'kill them all.'" *Id.* The assailants opened fire, killing a 15-year-old boy and wounding two men. *Id.* ¶¶ 31–32. They also kidnapped two young women, one of whom was 16 years old. *Id.*

A state and federal Violent Crime Task Force arrested Padgett and other members of the organization in October 1993. *See id.* ¶ 16; CR Doc. 30. A federal grand jury indicted Padgett with 18 counts: (1) conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846; (2) racketeering conspiracy and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959 and 2; (3) three counts of kidnapping while engaged in racketeering activity and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; (4) two counts of assault with a dangerous weapon while engaged in racketeering activity and aiding and abetting the same, in

violation of 18 U.S.C. §§ 1959(a)(3), (a)(4), and 2; (5) three counts of murder while engaged in racketeering activity and aiding and abetting the same, in violation of 18 U.S.C. §§ 1959(a)(1) and 2; (6) two counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c) and 2; (7) two counts of using a firearm during and in relation to a drug trafficking offense and aiding and abetting the same in violation of 18 U.S.C. §§ 924(c) and 2; (8) possession with intent to distribute cocaine base and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (9) two counts of assault with a dangerous weapon in aid of racketeering in violation of 18 U.S.C. §§ 1959(a)(3) and 2; and (10) possession of a short-barreled shotgun in violation of 26 U.S.C. §§ 5861(c) and 5871. CR Doc. 3. The United States subsequently dismissed three counts: two for assault with a dangerous weapon while engaged in racketeering activity, and one for possession of a short-barreled shotgun. *See* CR 133.

Padgett pled not guilty and proceeded to trial. A jury convicted him of all 15 remaining counts. CR Doc. 114. At sentencing, the Court imposed nine concurrent life sentences along with two concurrent 20-year sentences. CR Doc. 133. The Court also imposed "stacked" mandatory minimum sentences for the four counts of violating § 924(c). *Id.* The first conviction carried a consecutive five-year sentence, followed by three twenty-year sentences. *See* CR Doc. 134 ¶ 98 (describing penalties from 18 U.S.C. § 924(c)). Effectively, Padgett was sentenced to life in prison, plus 65 years.

The Fourth Circuit affirmed Padgett's conviction on direct appeal. *United States v. Padgett*, No. 94-5799, No. 94-5800, 1996 U.S. App. LEXIS 4209, at *14 (4th Cir. Mar. 1, 1996). In 2005, Padgett unsuccessfully filed a 28 U.S.C. § 2255 petition. CR Doc. 200 (motion to vacate); *Padgett v. United States*, 3:05CV78-MU-02, 2006 WL 1041756, at *5 (W.D.N.C. Feb. 16, 2006) (denying

relief). He also unsuccessfully sought reductions in his sentence based on amendments to the Sentencing Guidelines. *See* CR Doc. 230, 243, 248. Finally, Padgett filed an unsuccessful habeas petition in the Northern District of Georgia under 28 U.S.C. § 2241. *See Padgett v. Warden, USP Atlanta*, 745 F. App'x 859, 863 (11th Cir. 2018) (affirming district court denial of petition).

In May 2020, Padgett—now represented by counsel—sought authorization to file a successive § 2255 motion. *In re Padgett*, No. 20-258, ECF No. 2. The Fourth Circuit granted authorization on March 17, 2021 based on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Padgett filed his second § 2255 motion on September 3, 2021.[2] The United States filed a motion to dismiss.

## II. DISCUSSION

Jermaine Padgett challenges his conviction for violating 18 U.S.C. § 924(c), arguing that his conviction for assault with a deadly weapon under 18 U.S.C. § 1959(a)(3) does not qualify as a "crime of violence." The government, for its part, argues that Padgett's motion is untimely, procedurally barred, and substantively without merit. Because the Court agrees with the government that the motion is time-barred, it does not address the parties' procedural or substantive arguments.

### a. Standard of Review

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires courts to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an

---

[2] The motion was not signed under penalty of perjury, so Padgett—at the Court's direction—submitted a correctly verified version. *See* CV Doc. 2; CV Doc. 4.

4

evidentiary hearing based on the record and governing case law. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

### b. Timeliness

The government first argues that Padgett's § 2255 motion should be dismissed as untimely. Under the provision invoked by Padgett, a petitioner has one year to file a § 2255 motion from the date that a right is newly recognized by the Supreme Court and made retroactive on collateral appeal. *See* 28 U.S.C. § 2555(f)(3). In *Dodd v. United States*, the Supreme Court ruled that the limitations period runs from the date of initial recognition, not the date on which the right is made retroactive. 545 U.S. 353, 357 (2005).

Padgett relies upon *United States v. Davis*, which was decided on June 24, 2019. Padgett filed his § 2255 motion on September 3, 2021. The government argues that Padgett's motion was accordingly untimely. Padgett responds that the motion was timely because his pending application to file a second or successive § 2255 motion equitably tolled the one-year statute of limitations. As a reminder, because Padgett had previously filed a § 2255 motion, he was required to obtain authorization from the Court of Appeals before filing the present motion. *See* 28 U.S.C. § 2255(h). Padgett sought certification from the Fourth Circuit on May 26, 2020, which was 337 days after *Davis*. The Fourth Circuit granted authorization 295 days later, on March 17, 2021.[3]

Whether Padgett's motion was timely depends in large part on whether Padgett's application for authorization to file a second or successive petition tolled the one-year limitations

---

[3] Ordinarily, "the court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion." 28 U.S.C. § 2244(b)(3)(D). However, courts have deemed the 30-day limit "hortatory or advisory rather than mandatory." *See In re Siggers*, 132 F.3d 333, 336 (6th Cir. 1997); *see also In re Vial*, 115 F.3d 1192, 1194 n.3 (4th Cir. 1997) ("We exceeded the 30-day time limit . . . . We are convinced, however, that the importance of the issue presented justified the delay.").

5

period. Three circuit courts of appeal say that it does as a matter of law. *See In re Hanserd*, 123 F.3d 922, 934 (6th Cir. 1997); *Orona v. United States*, 826 F.3d 1196, 1198 (9th Cir. 2016); *Easterwood v. Champion*, 213 F.3d 1321, 1324 (10th Cir. 2000). The Fourth Circuit has made no such ruling. Rather, in this jurisdiction, "[e]quitable tolling of petitions for collateral review is available only when a defendant demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (cleaned up). Tolling is appropriate only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (citation omitted).

Applying this standard to the facts of the case, the Court concludes that equitable tolling is not warranted for the pendency of Padgett's authorization motion. First, Padgett did not pursue his rights diligently, waiting more than 11 months before seeking the requisite authorization. And the delay in receiving that authorization was not the sort of "extraordinary circumstance" that justifies tolling. *See Holland v. Florida*, 560 U.S. 631, 634–39 (2010) (permitting equitable tolling in a case involving egregious attorney misconduct). Rather, it was a routine incident of § 2255 motions practice.

But even if the Court tolled the period covering the pendent authorization motion, Padgett's motion would still be untimely. That is because Padgett waited 170 days after receiving authorization to file the present motion, placing his petition far outside the one-year statutory bar. Padgett casts the blame for that delay on the Clerk of the Fourth Circuit. *See* CV Doc. 6 at 5. He notes that the order authorizing his second or successive motion stated: "In accordance with Local Rule 22(d), the post-conviction application attached to the motion for authorization is being

6

transferred to the district court with the order granting authorization." *In re Padgett*, No. 20-258, ECF No. 6-2 (4th Cir. Mar. 17, 2021). Padgett argues that because the attached motion was not properly transmitted pursuant to Fourth Circuit local rules, it should be deemed timely. Although Padgett does not cite any case law in support of his argument, it is true that clerical errors can sometimes give rise to equitable tolling. *See, e.g.*, *Semper v. N.Y. Methodist Hosp.*, 786 F. Supp. 2d 566, 578–79 (E.D.N.Y. 2011) (collecting cases of equitable tolling in the context of clerical errors by EEOC in Title VII cases).

This is not such a case. At the time when Padgett filed his motion for authorization, only 29 days could have remained in the one-year limitations period.[4] Nothing precluded Padgett's counsel from filing his § 2255 motion in the face of a looming deadline (as he ultimately did), or from following up with the Fourth Circuit clerk in order to ensure that the attached motion was timely transferred. In sum, Padgett's failure to diligently pursue his rights is fatal both to his claims of equitable tolling, and to his petition generally.

### III.    ORDER

**IT IS THEREFORE ORDERED** that Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 4) is **DENIED** and **DISMISSED**. The Government's Motion to Dismiss (CV Doc. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (requiring a petitioner to demonstrate that reasonable jurists would find the district court's assessment of the constitutional

---

[4] This assumes that the filing of a motion for authorization tolled the one-year statute of limitations under § 2255. As the Court previously explained, the Court does not so decide.

7

claims debatable or wrong in order to satisfy § 2253(c)); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED**.

Signed: January 12, 2022

Graham C. Mullen
United States District Judge